UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAWRENCE RICHARD,<br><br>                     Plaintiff,<br>    v.<br><br>WASHOE COUNTY SHERIFF DEPT., *et al.*,<br><br>                     Defendants. | Case No. 3:23-cv-00249-MMD-CSD<br><br>ORDER |

I.    **SUMMARY**

Pro se Plaintiff Lawrence Richard, currently in the custody of the Nevada Department of Corrections, brought this civil rights action against Defendants, the Washoe County Sheriff Department, Washoe County, Washoe County Detention Center ("WCDC"), Scionti, Hughes, and Naphcare, related to events that occurred while he was a detainee at WCDC. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 20), recommending that the Court dismiss Richard's Second Amended Complaint (ECF No. 19 ("SAC")) and dismiss the action without prejudice. Richard had until October 2, 2025 to file an objection and he filed an objection on October 14, 2025. (ECF No. 21 ("Objection").) As further explained below, the Court overrules Richard's Objection and adopts the R&R in full.

II.    **DISCUSSION**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation]

to which objection is made." *Id.* The Court's review is thus de novo because Richard filed his Objection.[1]

Judge Denney first screens the SAC and recommends dismissing it because Richard does not state any colorable claims as to any named Defendants. (ECF No. 20 at 2-6.) Judge Denney recommends the SAC specifically because: (1) WCDC is not a proper defendant who can be sued (*id.* at 4); (2) the only allegation as to Naphcare is that it employed John Doe 1 but Naphcare cannot be held liable under a section 1983 claim for merely employing someone who allegedly violated Richard's Constitutional rights (*id.* at 4-5); and (3) the SAC contains no allegations as to Deputies Scionti and Hughes.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a pro se party, for a more forgiving standard applies to litigants not represented by counsel. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, a liberal construction may not be used to supply an essential element of the claim not initially pled. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

The Court agrees with Judge Denney. Even construing Richard's allegations liberally, the SAC fails to allege any colorable claims as to the Defendants.

Judge Denney next recommends dismissing this action without prejudice under Federal Rule of Civil Procedure 4(m). Judge Denney noted that the complaint in this

---

[1]Richard's Objection does not provide specific arguments as to Judge Denney's recommendations, but rather seeks an extension of time to file a third amended complaint and properly serve summons. The Court construes the Objection generally and will review the entire R&R.

matter was originally filed on June 7, 2023. (ECF No. 20 at 6.) The amended complaint was filed on March 28, 2024, and screened on August 30, 2024. The summons for Washoe County Sheriff's Department was issued on August 30, 2024. (ECF No. 11) Plaintiff requested additional time to complete service on June 13, 2025 and the request was granted. (ECF Nos. 15, 16.) The Court cautioned Richard that no further extensions would be granted absent a showing of good cause. To date, Richard has neither completed service nor sought to identify and substitute an individual in place of Defendant John Doe 1. (*Id*. at 7.)

The Court agrees with Judge Denney. Richard was given a 90-day extension to serve Defendants and cautioned that there would be no further extensions absent good cause. Richard then failed to effectuate service or show good cause as to why he did not serve Defendants. The Court will thus adopt the R&R in full.

### III. CONCLUSION

It is therefore ordered that Richard's objection (ECF No. 21) to Judge Denney's R&R is adopted in full.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 20) is adopted in full.

It is further ordered that the Second Amended Complaint (ECF No. 19) is dismissed.

It is further ordered that this action is dismissed without prejudice based on Richard's failure to serve Defendants pursuant to Federal Rule of Civil Procedure 4(m).

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 7th Day of November 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE